UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STERRY STREET AUTO SALES, INC.
    Plaintiff

v.                                                          Case No: 1:17-cv-00292-WES-lda

BULK CARRIER (P.E.I.) LIMITED
    Defendant

## MEMORANDUM IN SUPPPORT OF PLAINTIFF'S MOTION TO REMAND

### Introduction

This case arises out of a motor vehicle accident which occurred on July 14, 2014.

Defendant's vehicle rear-ended Plaintiff's auto-carrier, causing Twenty-Four Thousand, Five Hundred Twenty-four and 66/100 ($24,524.66) Collars in property damage. There is no personal injury claim.

Plaintiff's vehicle was out of commission for approximately four (4) weeks, leading to a net revenue loss of approximately Twenty-five Thousand ($25,000.00) Dollars.

The case was brought in Providence County Superior Court; Defendant removed it to this Honorable Court on or about June 21, 2017.

At no time did the amount in controversy exceed the sum of Seventy-five Thousand ($75,000.00) Dollars, excluding interest and costs.

1

## The Case was Improperly Removed

Although the Complaint's *ad damnun* was for One Hundred Thousand ($100,000.00) Dollars, Defendant was aware at all times that the liquidated damages were no more than Fifty Thousand, Seven Hundred Seventeen and 36/100 ($50,717.36) Dollars. (See Correspondence, October 19, 2016.)

Pursuant to 28 USC §1332 (a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and is between (1) citizens of different states . . ."

"Pursuant to 28 USC §1441, " . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Now it is true that if the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, if asserted in good faith, is deemed to be the amount in controversy for purposes of removal. *Dobbs v. Wood Group PSN, Inc.,* 201 (F Supp 3d) 1184 (E.D. Cal, 2016).

However, the removal statute is strictly construed against removal jurisdiction. See, *Senior Ride Connection v. ITN America,* 225 F Supp 3d 528 (D.S.C. 2016).

There never was more than Seventy-five Thousand ($75,000.00) Dollars in controversy. Accordingly, there is no jurisdiction here, and the case was improvidently removed. It should be remanded.

## The Case was Improperly Removed

Although the Complaint's *ad damnun* was for One Hundred Thousand ($100,000.00) Dollars, Defendant was aware at all times that the liquidated damages were no more than Fifty Thousand, Seven Hundred Seventeen and 36/100 ($50,717.36) Dollars. (See Correspondence, October 19, 2016.)

Pursuant to 28 USC §1332 (a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and is between (1) citizens of different states . . ."

"Pursuant to 28 USC §1441, " . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. "

Now it is true that if the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, if asserted in good faith, is deemed to be the amount in controversy for purposes of removal. *Dobbs v. Wood Group PSN, Inc.*, 201 (F Supp 3d) 1184 (E.D. Cal, 2016).

However, the removal statute is strictly construed against removal jurisdiction. See, *Senior Ride Connection v. ITN America*, 225 F Supp 3d 528 (D.S.C. 2016).

There never was more than Seventy-five Thousand ($75,000.00) Dollars in controversy. Accordingly, there is no jurisdiction here, and the case was improvidently removed. It should be remanded.

Respectfully submitted,

**Plaintiff**
**STERRY STREET AUTO SALES, INC.**
By its attorneys,

/s/ Gerard M. DeCelles, #1394
1536 Westminster Street
Providence, RI 02909
(401) 272-8998
gmdlaw1@aol.com


/s/Robert A. Peretti, #1920
Liberati & Peretti, LLP
1536 Westminster Street
Providence RI 02909
(401)273-7747
Fax: (401) 421-4818
bob@lpllplaw.com


## CERTIFICATION

I hereby certify that on the 30th day of November, 2018, I electronically filed the within document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. The document is available for viewing and downloading through the ECF system.


/s/ Gerard M. DeCelles



rp100-811

memos

**GERARD M. DeCELLES**
*Attorney at Law*

1536 Westminster Street
Providence, Rhode Island 02909
401-272-8998
Fax 401-272-4907

October 19, 2016

Edward M. Vavaro, Esq.
Two PPG Place, Suite 400
Pittsburg, PA 15222-5402

Re: Sterry Street Auto Sales, Inc. v. Bulk Carriers (P.E.I.) Limited, Alias
Providence Superior Court, C.A. No. PC-2015-3396

Dear Mr. Vavaro:

It has been some time since we have discussed the above referenced matter. In the interim, John Martins has passed away. Trustees have been appointed with respect to the operation of Mr. Martins' various enterprises, including Sterry Street Auto Sales.

As you know, this claim arises out of a collision on July 11, 2014 resulting in significant property damage.

Enclosed please find a copy of repair charges from East Coast Auto Sales in the sum of Twenty-four Thousand, Five Hundred Twenty-four & 66/100 ($24,524.66) Dollars.

Further, the truck was out of service for approximately four (4) weeks.

In the previous year, it generated Three Hundred Fifty-three Thousand, Six Hundred Two ($353,602) Dollars in revenue. It was out of service for four (4) weeks at an average per week of Six Thousand Five Hundred Forty-eight & 19/100 ($6,548.19) Dollars lost revenue.

Accordingly, Plaintiff's demand is Sixty-four Thousand, Nine Hundred Eighteen & 24/100 ($64,918.24) Dollars, calculated as follows: